```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

LACHANDRA CRUMP-DAVIS,

       Plaintiff,

vs.                                           No. 04-2973-Ml/P

PRIMACY HEALTHCARE &
REHABILITATION CENTER,

       Defendant.

_____

```
                    ORDER DISMISSING COMPLAINT
                               AND
                ORDER ASSESSING APPELLATE FILING FEE
```
_____

    Plaintiff has filed an amended complaint in response to the Court's order entered December 21, 2004, advising her if she received her right-to-sue letter over ninety days before November 30, 2004, she must demonstrate good cause for extending the ninety-day statute of limitations through equitable tolling.

    Plaintiff alleges that she received the right to sue notice on August 25, 2004 and that because the district court was closed on November 25, 2004, for the legal Thanksgiving holiday, she filed her complaint on the next day that the district court was open, Monday, November 29, 2004.  The Clerk stamped Plaintiff's complaint as filed Tuesday, November 30, 2004.  Whether plaintiff actually filed her complaint on November 29 or 30, 2004, is of no consequence, however.  Plaintiff miscalculated her ninety day

deadline. The deadline expired on Tuesday, November 23, 2004, two days before the Thanksgiving holiday.

"Equitable tolling, or waiver, . . . is available only in compelling cases which justify a departure from established procedures." Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1488 (6th Cir. 1989). A generalized claim of ignorance of the proper avenue for pursuing a Title VII remedy is not a basis for equitable tolling. Jackson v. Richards Medical Co., 961 F.2d 575, 579 (6th Cir. 1992). Plaintiff's allegations are insufficient to demonstrate good cause for her late filed complaint. Plaintiff's claims arising from that administrative proceeding are barred. Banks v. Rockwell International North American Aircraft Operations, 855 F.2d 324, 326 (6th Cir. 1988); Hunter v. Stephenson Roofing Co., 790 F.2d 472, 474 (6th Cir. 1986).

Accordingly, this complaint fails to state a claim on which relief can be granted. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the complaint fails to state a claim for relief, it is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Accordingly, it would be inconsistent for a district court to determine that a complaint fails to state a claim upon which relief

may be granted, yet has sufficient merit to support an appeal <u>in forma pauperis</u>.  See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would be frivolous.  It is therefore certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The Sixth Circuit Court of Appeals decisions in <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997), and <u>Floyd v. United States Postal Service</u>, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case.

If plaintiff files a notice of appeal, she must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1]  The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  If the plaintiff fails to comply with the

---

[1]  The fee for docketing an appeal is $250.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

3

above assessment of the appellate filing fee within thirty days[2] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

IT IS SO ORDERED this 17th day of January, 2006.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

---

[2] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline. McGore, 114 F.3d at 610.